THOMAS LEVENE v. THE STANDARD OIL COMPANY.

Submitted July 10, 1899—Decided November 13, 1899.

It is the failure of a fellow-servant to exercise reasonable care, not his knowledge of a specific danger, that absolves the master from liability to a co-employe for injuries caused thereby.

On error to the Hudson Circuit Court.

Before MAGIE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the plaintiff, *Robert Carey* and *William H. Speer.*

For the defendant, *Charles W. Fuller.*

The opinion of the court was delivered by

GARRISON, J.    The plaintiff brings this suit to recover for injuries received by being struck by a cable while pushing a car of ore through a tunnel.   The cable was suspended from the ceiling of the tunnel, and at the time in question sagged so low as to lie upon the top of the ore in the car plaintiff was pushing.   Thereupon Trolen, a fellow-servant, pushed the cable over to the right side where the plaintiff was, heard a shout and found that Levene was hurt.   The proximate cause of the injury being the hurling off of the cable by Trolen, the liability of the common master in that event is made the subject of an exception and assignment of error, as follows:

"If this cable was intended to come down so low as to hit plaintiff, and Mr. Trolen, the co-worker, or whatever his name was, at any rate the foreman, when he took that cable off the ore, knew that it was so constructed that it could go down, and strike the man's head who was pushing the car, then, there would be no recovery, because it would be an accident caused by a fellow-servant.   But he says that the cable had been suspended above these cars, and had never come down before—you will remember for how long—and that the ore was piled up high on the car and it struck the ore.   That being the case, and he not knowing that the cable had been constructed to go down alongside of the cars so as to strike the man's head, then the defendant would be liable if you find that the cable was not properly constructed or secured."

This instruction was erroneous in that it turned upon the *knowledge* of the co-servant who caused the injury, and not upon his failure to exercise reasonable care, which is the essence of the rule in question, which practically deprived the defendant of the benefit of the rule.

The judgment must be reversed.